IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID ANGEL SIFUENTES, III,**     Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 22-CV-1100 |
| **FIRST BANK & TRUST, BROOKINGS SD,**     Defendant. | : : : : | |

**MEMORANDUM**

**JONES, J.**                                                                                    **JUNE 9, 2022**

Plaintiff David Angel Sifuentes, III, initiated this civil action by filing a *pro se* Complaint against First Bank & Trust, Brookings, SD ("First Bank") that asserts claims under the Fair Credit Reporting Act ("FCRA").[1] (ECF No. 2.)  He seeks leave to proceed *in forma pauperis*. (ECF No. 1.)  For the following reasons, the Court will grant Sifuentes leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to amendment.  Sifuentes's Motion to be Exempt from PACER Fees (ECF No. 6) will be denied.

**I.      FACTUAL ALLEGATIONS**

Sifuentes alleges that the events giving rise to his claims occurred in November or December of 2021.  (Compl. at 4.)  Sifuentes claims that he applied for a line of credit with First Bank after being preapproved, but that the company denied his application based on "'inaccurate information' that the account was frozen."  (*Id.*)  According to Sifuentes "[t]here was no freeze

---

[1] Sifuentes failed to sign his Complaint in accordance with Federal Rule of Civil Procedure 11. Accordingly, the Court directed him to cure this deficiency by signing a Declaration, which he has since done.  (ECF Nos. 4 & 5.)

on the account and it had been lifted throughout the whole time." (*Id.*)  Sifuentes does not provide any additional information about the "account" to which he refers.

Sifuentes contends that First Bank's check on his credit and the related denial of credit caused him to lose points on his credit score.  (*Id.*)  Accordingly, he seeks $50,000 in damages for violations of the FCRA and intentional infliction of emotional distress or, alternatively, $15,000 and "to be reevaluated for credit on the credit points he had around December 2021." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Sifuentes leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Sifuentes's Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Sifuentes is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

Sifuentes brings claims under the FCRA.  The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer

privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Sifuentes must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by

3

a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Even liberally construing the Complaint, Sifuentes has not stated a claim against First Bank as a furnisher of information to a consumer reporting agency.[2]  He does not allege that First Bank furnished inaccurate information to a consumer reporting agency, that he notified the consumer reporting agency of that inaccurate information, and that First Bank failed to correct the inaccurate information after receiving notice from the consumer reporting agency.  *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *see also Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").  Rather, Sifuentes alleges that First Bank denied him credit based on inaccurate information related to an unidentified account

---

[2] Sifuentes cannot state a claim against First Bank under the provisions of the FCRA pertaining to consumer reporting agencies, because First Bank is not a consumer reporting agency.

and that the denial of credit adversely affected his credit score.  These allegations do not give rise to a claim under the FCRA, so the Court will dismiss Sifuentes's Complaint.[3]

In his Motion to be Exempt From PACER Fees, Sifuentes asks this Court to "grant unlimited pacer usage" retroactively for a period from February 2022 through April 2022.  (ECF No. 6.)  He alleges that he is required to use PACER to "view files and documents." (*Id.*)  Since Sifuentes did not file this case until March 18, 2022, it is unclear on what basis he justifies his request to be retroactively absolved of PACER fees going back to February.  Nor has Sifuentes established that a fee exemption is "necessary in order to avoid unreasonable burdens." *Electronic Public Access Fee Schedule* (reprinted with 28 U.S.C. § 1914).  Since he is served with Court Orders at no cost, he is able to view documents relevant to his case, and he has made no showing of any other need to access PACER without cost.  Accordingly, the Court will deny his Motion at this time.  *See Zied-Campbell v. Richman*, 317 F. App'x 247, 251 (3d Cir. 2009) (*per curiam*) (district court did not abuse discretion in denying request for free PACER access where "it was not clear what documents from [plaintiff's] case she did not have (the District Court having previously provided copies of orders and opinions to the parties as well as having

---

[3] It is apparent from the Complaint that Sifuentes brings this action pursuant to the FCRA and the Court's federal question jurisdiction, 28 U.S.C. § 1331.  (Compl. at 3.)  Even if the Complaint were liberally construed to assert a claim for intentional infliction of emotional distress under state law, Sifuentes has not pled a basis for jurisdiction pursuant to 28 U.S.C. § 1332, which provides for jurisdiction over cases in which the parties are citizens of different states and the amount in controversy exceeds $75,000, because the Complaint does not allege the parties' citizenship and seeks damages below the jurisdictional threshold.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (a national banking association is a citizen of the State designated in its articles of association as its main office); *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain).

sent [plaintiff] an extra copy of the docket sheet so that she could identify any missing documents) or why she could not get copies of documents in her case from her former counsel").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Sifuentes leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Sifuentes will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against First Bank.  His Motion to be Exempt from PACER Fees (ECF No. 6) is denied.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

_____
**C. DARNELL JONES, II, J.**